IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LOUISE MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. _____ |
| | ) JURY DEMAND |
| | ) |
| WALTER ENERGY, INC.; AND | ) |
| WALTER COKE, INC., | ) |
| | ) |
| Defendants. | ) |

# CLASS ACTION COMPLAINT

## NATURE OF ACTION

1. This is a civil action including individual and civil class action claims for injunctive relief, negligence, wantonness, nuisance, and trespass under Alabama law for property damage arising from (i) the Defendants' deposits of various waste substances, including but not limited to arsenic, BaP, and other hazardous substances and waste materials, on the Plaintiff's property; and/or (ii) the Defendants' conduct and practices that allowed such substances and materials to migrate to and/or become located on Plaintiff's property through emissions in the air and/or flow from surface water or discharge into waterways.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over all claim encompassed within this controversy by virtue of 28 U.S.C. §1332. The Plaintiff is completely diverse in citizenship from all Defendants, and the amount in controversy exceeds $75,000.00.

3. Pursuant to 28 U.S.C. §1391(a), venue is proper in the United States District Court for the Northern District of Alabama, Southern Division. All Defendants subject to personal jurisdiction within that District and Division for purposes of §1391 and a substantial amount of the events giving rise to this litigation occurred in that District and Division.

## PLAINTIFF

4. The following Plaintiff brings this action on behalf of herself and on behalf of a class of persons similarly situated against the Defendants identified below. This class representative Plaintiff brings this action for the damage she has been subjected to and is currently subjected to today on the property she owns (listed below as her residence address unless otherwise indicated).

5. Plaintiff Louise Moore, is an adult resident citizen of Jefferson County, Alabama, who resides at 3360 34th Street North, Birmingham, Alabama 35207. Plaintiff Moore is a representative for the Class listed below. In addition to the

hazardous substances being on her property as the result of air emissions and migration through emissions in the air and/or flow from surface water or discharge into waterways; various waste substances, including but not limited to arsenic, BaP, and other hazardous substances and waste materials was placed and is being placed on her property by Defendants during the time they operated the facilities, as described below.

## DEFENDANTS

6. Defendant Walter Energy, Inc., is a Delaware corporation with its principal place of business located in Tampa, Florida. This Defendant may lawfully be served with the summons and a copy of this Complaint upon its registered agent: CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104. For purposes of personal jurisdiction and venue, this Defendant is actively engaged in business within and is subject to personal jurisdiction within the Southern Division of the Northern District of Alabama.

7. Defendant Walter Coke, Inc., is a Delaware corporation with its principal place of business located in Wilmington, Delaware. This Defendant may lawfully be served with the summons and a copy of this Complaint upon its registered agent: CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104. For purposes of personal jurisdiction and venue, this Defendant is actively

engaged in business within and is subject to personal jurisdiction within the Southern Division of the Northern District of Alabama.

## FACTUAL ALLEGATIONS

8. Each listed Defendant produces high quality furnace and foundry coke, and slag fiber.

9. Walter Coke, formerly Sloss Industries, is one of the oldest industrial companies in Birmingham, Alabama. The beginning of the present day Walter Coke dates back to 1881 when the Sloss Furnace Company was organized, and the construction of two Blast Furnaces, now known as the City Furnaces commenced. The company operated under the Sloss Furnace company name until 1998, when the Sloss Iron and Steel Company was formed. Additional capital was invested and two more blast furnaces were built in North Birmingham near the present-day location. Also coal and iron ore lands were purchased.

10. In August 1899, the Sloss-Sheffield Steel and Iron Company was organized with an authorized stock of $20,000,000. At this time, coke was produced in beehive ovens. In 1918 the construction of a By-Product Recovery Coke Plant commenced on the present-day site in Jefferson County, Alabama, which included 120 3.7 meter Semet Solvay coke Ovens. Operation of this facility commenced on April 19, 1920. At that time, the plant was considered to be on the forefront of coke-

making technology.

11. Three more coke over batteries and an additional blast furnace were constructed in North Birmingham between 1951 and 1958. In 1952, Sloss-Sheffield merged with US Pipe and Foundry Company, at which time the coke facility began producing all of the coke used by US Pipe.

12. In 1969, Jim Walter Corporation became the parent company of US Pipe and Foundry Company. In 1976, during a reorganization of Jim Walter Corporation, the coke facility became part of the Coke Iron and Chemical Division of Jim Walter Resources, Inc. This division was separated from Jim Walter Resources in 1987 and established as Sloss Industries Corporation and became part of the new parent company, Walter Industries, Inc. In 2009, Walter Industries, Inc. completed a multi-year reorganization into a pure play energy company, and changed it name to Walter Energy in order to reflect its new mission. At that time, Sloss Industries, Inc. became Walter Coke.

13. The operation of the old Semet Solvay coke oven batteries and all the blast furnaces ceased by the end of 1980. The original two blast furnaces, the Sloss Furnaces, are now a National Historic Landmark in Birmingham.

14. The coke oven batteries built in Jefferson County, Alabama, in the 1950's continue to produce both furnace and foundry coke. Production of coke is

ongoing at Defendants' Jefferson County, Alabama, facilities.

15. Defendants are presently a major manufacturer of coke for use in blast furnaces and foundries.

16. Defendants are a leading producer of blast furnace coke. The majority of this product is consumed by steel producers using a blast furnace to produce their products.

17. Defendants are a major producer of foundry coke. The product is consumed by foundries which recycle scrap steel to make cast and ductile iron. Major markets include automotive, agricultural, and pipe foundries.

18. As a result of the Defendants' manufacturing operations, the Defendants deposit various waste substances, including but not limited to arsenic, BaP, and other hazardous substances and waste materials, on the Plaintiff's property; and/or the Defendants' conduct and practices allow such substances and materials to migrate to and/or become located on Plaintiff's property through emissions in the air and/or flow from surface water or discharge into waterways.

19. As a standard practice, the Defendants deposit various waste substances on the Plaintiff's property; and/or the Defendants' conduct and practices allow such substances and materials to migrate to and/or become located on Plaintiff's property through emissions in the air and/or flow from surface water or discharge into

waterways.

20. As a direct, proximate, and foreseeable result of Defendants' conduct, practices, actions, and inactions as described herein, the Defendants deposit various waste substances on the Plaintiff's property; and/or the Defendants' conduct and practices allow such substances and materials to migrate to and/or become located on Plaintiff's property through emissions in the air and/or flow from surface water or discharge into waterways.

21. These substances remain on the Plaintiff's property from the time they are deposited there to the present.

22. Plaintiff's claim is for property damage to the property listed above for contamination emanating from the Defendants' properties. Plaintiff's property has been and is being damaged in that it has lessened value, and the Plaintiff is in need of remediation to remove the hazardous substances referenced herein.

23. The hazardous substances referenced above emanated and continue to emanate from each Defendants' facilities during the entirety of the time that each Defendant operated the facility or facilities referenced above. Those hazardous substances remain on the Plaintiff's property, and continue to cause damage. In cases where the hazardous substances now on the Plaintiff's property originated and emanated from more than one of the Defendants, each Defendant is jointly and

severally liable for the contamination of the Plaintiff's property.

## CLASS ACTION ALLEGATIONS

24. The Plaintiff seeks certification of a class action against the named Defendants according to the class definitions referenced below as follows:

**Any and all property owners who have been damaged by the emission of waste and hazardous materials, including but not limited to arsenic and BaP, by Defendants' coke producing activities from the Jefferson County, Alabama, facilities.**

## CLASS AND INDIVIDUAL CLAIMS
## COUNT ONE - NEGLIGENCE

25. The Plaintiff and the class hereby re-allege, adopt and incorporate by reference the allegations set forth in paragraphs above as if fully set forth herein, and further allege as follows.

26. Each of the Defendants owes a duty to the Plaintiff and the Class to exercise due and reasonable care in the manufacturing, storage, disposal, and other operations to safely, adequately, and properly use, control, maintain, store, treat and dispose of various waste substances on the Plaintiff's property; and/or the Defendants' conduct and practices that allow such substances and materials to migrate to and/or become located on Plaintiff's property through emissions in the air

and/or flow from surface water or discharge into waterways.

27. Each of the Defendants breached the duties owed to Plaintiff and the class and, under the circumstances, Defendants' breaches constitute a negligent and/or conscious, gross, willful, and/or wanton disregard for property owned by the Plaintiff and the class.

28. As a direct, proximate and foreseeable result of the Defendants' conduct, practices, actions, and inactions, the Plaintiff and the class have been caused to suffer, and will continue to suffer damages to their real property and personal property.

## COUNT TWO - WANTONNESS

29. The Plaintiff and the class hereby re-allege, adopt, and incorporate by reference the allegations set forth in paragraphs above as if fully set forth herein, and further allege as follows.

30. In breaching the duties described above, the Defendants acted in a wanton, willful, and reckless manner.

31. The Defendants knew or should have known the danger to Plaintiff and the class created by Defendants' conduct, practices, actions, and inactions.

32. The Defendants knew or should have known of the likely or probable impact, harm, damage, and injury their conduct, practices, actions, and inactions would have on and/or cause Plaintiff and the class.

33. The Defendants' conduct, practices, and inactions evidence Defendants' reckless disregard for the Plaintiff's property and the class as a whole.

34. As a direct, proximate, and foreseeable result of the Defendants' conduct, practices, actions, and inactions, the Plaintiff and the class were caused to suffer, and will continue to suffer, damages to their real property and personal property.

## COUNT THREE - NUISANCE

35. The Plaintiff and the class hereby re-allege, adopt and incorporate by reference the allegations set forth in paragraphs above as if fully set forth herein, and further allege as follows.

36. Each of the Defendants owe a duty to the Plaintiff and the class to exercise due and reasonable care in the manufacturing, storage, disposal, and other operations to safely, adequately, and properly use, control, maintain, store, treat and dispose of various waste substances on the Plaintiff's property; and/or the Defendants' conduct and practices that allowed such substances and materials to migrate to and/or become located on Plaintiff's property through emissions in the air and/or flow from surface water or discharge into waterways.

37. Each Defendant breached the duties owed to the Plaintiff and the class and, under the circumstances, Defendants' breaches constitute a negligent and/or

10

conscious, gross, willful, and/or wanton disregard for property owned by the Plaintiff and the class.

38. The Defendants' created, maintained, and continue to create and maintain a nuisance under Alabama law in that Defendants' conduct, practices, actions, and inactions hurt, inconvenience, and damage the Plaintiff and the class and property owned by the Plaintiff and the class.

39. The hurt, inconvenience, and damage alleged herein is such that would affect an ordinary reasonable person.

40. Under the circumstances, Defendants' conduct, practices, actions, and inactions were accompanied by malice, insult, inhumanity, and/or contempt.

41. As a direct, proximate and foreseeable result of the Defendants' conduct, practices, actions, and inactions, the Plaintiff and the class were caused to suffer, and will continue to suffer damages to their real property and personal property.

## **COUNT FOUR - TRESPASS**

42. The Plaintiff and the class hereby re-allege, adopt and incorporate by reference the allegations set forth in paragraphs above as if fully set forth herein, and further allege as follows.

43. The Defendants knew or should have known to a substantial certainty that their conduct, practices, actions, and inactions as described herein would lead to

11

the disposal of various waste substances on the Plaintiff's property; and/or the Defendants' conduct and practices that allow such substances and materials to migrate to and/or become located on Plaintiff's property through emissions in the air and/or flow from surface water or discharge into waterways.

44. The Defendants intentionally engaged in the conduct, practices, actions, and inactions that result in an invasion of Plaintiff's' and the class' property as described herein.

45. The Defendants' invasion as described herein affected the Plaintiff and the class' interests in the exclusive possession of their property, and constitutes a trespass and continuing trespass under Alabama law.

46. The Defendants' invasion as described herein was reasonably foreseeable to the Defendants.

47. As a direct, proximate and foreseeable result of the Defendants' conduct, practices, actions, and inactions, the Plaintiff's and the class' property suffered and continues to suffer substantial damage, which has affected the nature and character of the property.

## **COUNT FIVE - CLAIM FOR INJUNCTIVE RELIEF**

48. The Plaintiff and the class hereby re-allege, adopt, and incorporate by reference the allegations set forth in paragraph above as if fully set forth herein, and

12

further allege as follows.

49. The Plaintiff and the class request that this Court enter an Order enjoining the Defendants from continuing the conduct described above and require the Defendants to remove contaminated soil from the affected property.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff and the class request that this Court enter an Order enjoining the Defendants from continuing the illegal conduct and to require that they remove contaminated soil from the affected property and any other relief this Court deems just.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff, individually and on behalf of the class, demands judgement against the Defendants, separately and severally, for compensatory damages, special damages, exemplary damages, punitive damages, and all such other damages to which Plaintiff and the class may be entitled under Alabama law, all in an amount to be determined by a jury; and for all such other relief, including injunctive relief and abatement of trespass and nuisance, to which Class Plaintiffs and the class may be entitled under Alabama law.

## JURY TRIAL DEMAND

Plaintiff demands a trial of this action by a struck jury.

Respectfully submitted,

[signature]

Dennis G. Pantazis
Rocco Calamusa, Jr.
Craig L. Lowell
Alexander N. Gerogiannis
Counsel for the Plaintiffs

OF COUNSEL:

WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
205/314-0500

**DEFENDANTS' ADDRESSES:**

Service via Certified Mail

    Walter Energy, Inc.
    c/o Registered Agent - CT Corporation System
    2 North Jackson Street, Suite 605
    Montgomery, Alabama 36104

    Walter Coke, Inc.
    c/o Registered Agent - CT Corporation System
    2 North Jackson Street, Suite 605
    Montgomery, Alabama 36104