# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LOUISE MOORE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Case No.: 2:11-cv-01391-SLB** |
| ) | **JURY DEMAND** |
| ) | |
| **WALTER COKE, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## SECOND AMENDED CLASS ACTION COMPLAINT

COMES NOW Louise Moore, the Plaintiff, by and through undersigned counsel, and pursuant to this Court's Order dated September 28, 2012, amends and substitutes the Amended Class Action Complaint to state as follows:

## NATURE OF ACTION

1.      This is a civil action, including individual and civil class action claims for injunctive relief, negligence, wantonness, nuisance, and trespass under Alabama law for property damage arising from (i) Defendant's deposits of various waste substances, specifically carcinogenic polycycic aromatic hydrocarbons, arsenic, benzo(a)anthracene, benzo(a)pyrene (BaP), benzo(b)fluoranthene, benzo(k)fluoranthene, dibenzo(a,h)anthracene, chrysene, and indeno (1,2,3-cd) pyrene on Plaintiff's property, and upon the property of the Class she seeks to represent;

and/or (ii) Defendant's conduct and practices that allowed such substances and materials to migrate to and/or become located on Plaintiff's property, and upon the property of the Class she seeks to represent, through emissions in the air and/or flow from surface water or discharge into waterways.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over all claims encompassed within this controversy by virtue of 28 U.S.C. §1332. Plaintiff is completely diverse in citizenship from Defendant, and the amount in controversy exceeds $75,000.00.

3. Pursuant to 28 U.S.C. §1391(a), venue is proper in the United States District Court for the Northern District of Alabama, Southern Division. Defendant is subject to personal jurisdiction within that District and Division for purposes of §1391 and a substantial amount of the events giving rise to this litigation occurred in that District and Division.

## PLAINTIFF

4. The following Plaintiff brings this action on behalf of herself and on behalf of a Class of persons similarly situated against the below identified Defendant. This class representative Plaintiff brings this action for the damages that she (and the Class she seeks to represent) have been subjected to, and are currently subjected to through today, on the property they own.

5.      Plaintiff, Louise Moore, is an adult resident citizen of Jefferson County, Alabama, who resides at 3360 34th Street North, Birmingham, Alabama 35207. Plaintiff Moore is a representative for the Class listed below.  In addition to the hazardous substances being on her property as the result of air emissions and migration through emissions in the air and/or flow from surface water or discharge into waterways; various waste substances, including but not limited to, carcinogenic polycycic aromatic hydrocarbons, arsenic, benzo(a)anthracene, benzo(a)pyrene (BaP), benzo(b)fluoranthene, benzo(k)fluoranthene, dibenzo(a,h)anthracene, chrysene, and indeno (1,2,3-cd)pyrene were placed, and are being placed, on her property by Defendant during the time they operated the facilities, as described below.

## DEFENDANT

6.      Defendant, Walter Coke, Inc., is a Delaware corporation with its principal place of business in Wilmington, Delaware.  Defendant may be lawfully served with this Second Amended Complaint by serving a copy upon its attorney of record in this matter, Scott A. Stichter, Esquire, Stichter, Riedel, Blain & Prosser, P.A., 110 East Madison Street, Suite 200, Tampa, Florida 33602.  For purposes of personal jurisdiction and venue, Defendant is actively engaged in business within and is subject to personal jurisdiction within the Northern District of Alabama, Southern Division.

**FACTUAL ALLEGATIONS**

7. Defendant produces high quality furnace and foundry coke and slag fiber.

8. Defendant is a leading producer of blast furnace coke. The majority of this product is consumed by steel producers using a blast furnace to produce their products.

9. Defendant is a major producer of foundry coke. The product is consumed by foundries which recycle scrap steel to make cast and ductile iron. Major markets include automotive, agricultural, and pipe foundries.

10. As a result of Defendant's manufacturing operations, Defendant deposited various waste substances, specifically carcinogenic polycycic aromatic hydrocarbons, arsenic, benzo(a)anthracene, benzo(a)pyrene (BaP), benzo(b)fluoranthene, benzo(k)fluoranthene, dibenzo(a,h)anthracene, chrysene, and indeno (1,2,3-cd)pyrene on the Plaintiff's property; and/or Defendant's conduct and practices allow such substances and materials to migrate to and/or become located on Plaintiff's property through emissions in the air and/or flow from surface water or discharge into waterways.

11. As a standard practice, Defendant deposits various waste substances on Plaintiff's property; and/or Defendant's conduct and practices allow such substances

and materials to migrate to and/or become located on Plaintiff's property through emissions in the air and/or flow from surface water or discharge into waterways.

12. As a direct, proximate, and foreseeable result of Defendant's conduct, practices, actions, and inactions as described herein, Defendant deposits various waste substances on Plaintiff's property; and/or Defendant's conduct and practices allow such substances and materials to migrate to and/or become located on Plaintiff's property through emissions in the air and/or flow from surface water or discharge into waterways.

13. These substances have remained on Plaintiff's property from the time they were deposited there to the present.  Plaintiff, and the Class she seeks to represent, are only making claims for the conduct of Defendant for the time period after March 2, 1995, the date upon which Defendant emerged from bankruptcy protection, to the present.

14. Plaintiff's claim is for property damage to the property listed above for contamination emanating from Defendant's property.  Plaintiff's property has been, and is being, damaged in that it has lessened value, and Plaintiff is in need of remediation to remove the hazardous substances referenced herein.

15. The hazardous substances referenced above emanated and continue to emanate from Defendant's facilities during the entirety of the time that Defendant

operated the facility or facilities referenced above.   Plaintiff is only making claims for the time period from March 2, 1995 to the present.   Those hazardous substances remain on Plaintiff's property and continue to cause damage.

**CLASS ACTION ALLEGATIONS**

16.   Plaintiff seeks  certification of a class action against the named Defendant according to the Class definition referenced below as follows:

> **Any and all residential property owners whose property or any part thereof falls within a two mile radius of the boundary of the Walter Coke Facility at issue as the boundary and radius are determined on the map attached hereto as Exhibit A, who have been damaged by the emission of waste and hazardous materials, specifically carcinogenic polycycic aromatic hydrocarbons, arsenic, benzo(a)anthracene, benzo(a)pyrene (BaP), benzo(b)fluoranthene, benzo(k)fluoranthene, dibenzo(a,h)anthracene, chrysene, and indeno (1,2,3-cd)pyrene, by Defendant's coke producing activities from the Jefferson County, Alabama, facilities for the time period of March 2, 1995 to the present.**

## CLASS AND INDIVIDUAL CLAIMS
## COUNT ONE - NEGLIGENCE

17. Plaintiff and the Class hereby re-allege, adopt and incorporate by reference the allegations set forth in paragraphs 1-16 above as if fully set forth herein, and further allege as follows.

18. Defendant owes a duty to Plaintiff and the Class to exercise due and reasonable care in the manufacturing, storage, disposal, and other operations to safely, adequately, and properly use, control, maintain, store, treat and dispose of various waste substances on Plaintiff's property; and/or Defendant's conduct and practices that allow such substances and materials to migrate to and/or become located on Plaintiff's property through emissions in the air and/or flow from surface water or discharge into waterways.

19. Defendant breached the duties owed to Plaintiff and the Class and, under the circumstances, Defendant's breaches constitute a negligent and/or conscious, gross, willful, and/or wanton disregard for property owned by Plaintiff and the Class.

20. As a direct, proximate and foreseeable result of Defendant's conduct, practices, actions, and inactions, Plaintiff and the Class have been caused to suffer, and will continue to suffer, damages to their real property and personal property.

## COUNT TWO - WANTONNESS

21.     Plaintiff and the Class hereby re-allege, adopt, and incorporate by reference the allegations set forth in paragraphs 1-20 above as if fully set forth herein, and further allege as follows.

22.     In breaching the duties described above, Defendant acted in a wanton, willful, and reckless manner.

23.     Defendant knew or should have known the danger to Plaintiff and the Class created by Defendant's conduct, practices, actions, and inactions.

24.     Defendant knew or should have known of the likely or probable impact, harm, damage, and injury that their conduct, practices, actions, and inactions would have on and/or cause to Plaintiff and the Class.

25.     Defendant's conduct, practices, and inactions evidence Defendant's reckless disregard for Plaintiff's property and the Class as a whole.

26.     As a direct, proximate, and foreseeable result of Defendant's conduct, practices, actions, and inactions, Plaintiff and the Class were caused to suffer, and will continue to suffer, damages to their real property and personal property.

## COUNT THREE - NUISANCE

27. Plaintiff and the Class hereby re-allege, adopt and incorporate by reference the allegations set forth in paragraphs 1-26 above as if fully set forth herein, and further allege as follows.

28. Defendant owes a duty to Plaintiff and the Class to exercise due and reasonable care in the manufacturing, storage, disposal, and other operations to safely, adequately, and properly use, control, maintain, store, treat and dispose of various waste substances on Plaintiff's property; and/or Defendant's conduct and practices that allowed such substances and materials to migrate to and/or become located on Plaintiff's property through emissions in the air and/or flow from surface water or discharge into waterways.

29. Defendant breached the duties owed to Plaintiff and the Class and, under the circumstances, Defendant's breaches constitute a negligent and/or conscious, gross, willful, and/or wanton disregard for property owned by Plaintiff and the Class.

30. Defendant created, maintained, and continues to create and maintain a nuisance under Alabama law in that Defendant's conduct, practices, actions, and inactions hurt, inconvenience, and damage Plaintiff and the Class, including, but not limited to property owned by Plaintiff and the Class.

31. The hurt, inconvenience, and damage alleged herein is such that would affect an ordinary reasonable person.

32. Under the circumstances, Defendant's conduct, practices, actions, and inactions were accompanied by malice, insult, inhumanity, and/or contempt.

33. As a direct, proximate and foreseeable result of Defendant's conduct, practices, actions, and inactions, Plaintiff and the Class were caused to suffer, and will continue to suffer damages to their real property and personal property.

## COUNT FOUR - TRESPASS

34. Plaintiff and the Class hereby re-allege, adopt and incorporate by reference the allegations set forth in paragraphs 1-33 above as if fully set forth herein, and further allege as follows.

35. Defendant knew or should have known to a substantial certainty that their conduct, practices, actions, and inactions as described herein would lead to the disposal of various waste substances on Plaintiff's property; and/or Defendant's conduct and practices that allow such substances and materials to migrate to and/or become located on Plaintiff's property through emissions in the air and/or flow from surface water or discharge into waterways.

36. Defendant intentionally engaged in the conduct, practices, actions, and inactions that result in an invasion of Plaintiff's' and the Class's property as described

herein.

37. Defendant's invasion as described herein affected Plaintiff and the Class's interests in the exclusive possession of their property, and constitutes a trespass and continuing trespass under Alabama law.

38. Defendant's invasion as described herein was reasonably foreseeable to Defendant.

39. As a direct, proximate and foreseeable result of Defendant's conduct, practices, actions, and inactions, Plaintiff's and the Class's property suffered and continues to suffer substantial damage, which has affected the nature and character of the property.

## COUNT FIVE - CLAIM FOR INJUNCTIVE RELIEF

40. Plaintiff and the Class hereby re-allege, adopt, and incorporate by reference the allegations set forth in paragraph 1-39 above as if fully set forth herein, and further allege as follows.

41. Plaintiff and the Class request that this Court enter an Order enjoining Defendant from continuing the conduct described above and require Defendant to remove contaminated soil from the affected property.

42. There is continuing irreparable injury to Plaintiff and the Class if such action is not taken as Plaintiff and the Class lack adequate remedy at law to require

the requested injunctive relief.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff and the Class request that this Court enter an Order enjoining Defendant from continuing the illegal conduct and to require that they remove contaminated soil from the affected property and any other relief this Court deems just.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and on behalf of the Class, demands judgment against Defendant for compensatory damages, special damages, exemplary damages, punitive damages, and all such other damages to which Plaintiff and the Class may be entitled under Alabama law, all in an amount to be determined by a jury; and for all such other relief, including injunctive relief and abatement of trespass and nuisance, to which Plaintiff and the Class may be entitled under Alabama law.

## JURY TRIAL DEMAND

Plaintiff demands a trial of this action by a struck jury.

                Respectfully submitted,

                /s/ Craig L. Lowell
                Dennis G. Pantazis
                Rocco Calamusa, Jr.
                Craig L. Lowell
                Dennis G. Pantazis, Jr.
                Counsel for the Plaintiffs

OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
Telephone:  (205) 314-0500

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of October, 2012, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Scott A. Stichter
>Stichter, Riedel, Blain & Prosser, P.A.
>110 East Madison Street, Suite 200
>Tampa, Florida 33602

      /s/ Craig L. Lowell
      Of Counsel