# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **LOUISE MOORE,** | } | |
| | } | |
|     **Plaintiff,** | } | |
| | } | |
|     **vs.** | } | **CASE NO. 2:11-cv-01391-SLB** |
| | } | |
| **WALTER COKE, INC.,** | } | |
| | } | |
|     **Defendant.** | } | |

## ORDER

    This case is before the court on the Joint Motion to Stay Proceedings.  (Doc. 37.)[1]

The Joint Motion states:

    2.      At the Rule 26(f) conference, the parties agreed that a stay of judicial proceedings in this action pending the completion of certain activities currently being undertaken by the U.S. Environmental Protection Agency ("EPA") in connection with the 35th Avenue Superfund Site in North Birmingham, Alabama would best serve judicial economy, avoid piecemeal and duplicative litigation, prevent hardship to the parties, and help to secure the just and efficient resolution of this proceeding. The parties accordingly agreed to file this Joint Motion to Stay Proceedings.

    3.      By way of background, in this putative class action, Plaintiff Louise Moore ("Plaintiff") asserts, on behalf of herself and a proposed class of similarly situated persons, various state law claims for property damage and injunctive relief against Defendant Walter Coke, Inc. ("Defendant") allegedly resulting from Defendant's operations in North Birmingham, Alabama since March 2, 1995.

    4.      The EPA is currently evaluating the environmental condition of and potential environmental impacts in North Birmingham. In connection with such efforts, EPA has designated certain areas of the Fairmont, Collegeville, and Harriman Park communities in North Birmingham as the "35th Avenue Superfund Site" (the "Site") under the authority

---

[1] Reference to a document number, ["Doc. \_\_\_"], refers to the number assigned to each document as it is filed in the court's record.

granted the agency by the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA).

5.  In late September 2013, EPA notified five entities, including Defendant, of the opportunity to conduct certain CERCLA response actions at the Site. In connection with such actions and anticipated future CERCLA response actions, EPA is currently in the process of identifying additional persons and entities that may be "potentially responsible parties" under CERCLA for identifying and addressing alleged environmental conditions at the Site.

6.  The Plaintiff anticipates that some or all of the persons and entities EPA identifies as potentially responsible parties will be added as parties to the instant action.

7.  The Parties agree that a stay of litigation proceedings until EPA completes its investigation would be beneficial to the Parties and conserve the use of the Court's resources so that, upon its completion, some or all of the parties identified can be added as parties to the instant action as efficiently as possible and prior to the commencement of the class certification stage of proceedings, including related discovery and motions practice, so as to avoid piecemeal and duplicative litigation.

. . .

9.  The parties submit that granting a stay to allow EPA to complete its process of identifying potentially responsible parties at the Site will conserve judicial economy, avoid piecemeal and duplicative litigation, prevent hardship to the parties, and will help secure the just and efficient resolution of this proceeding.

Counsel have informed the court that it may take several years before EPA evaluation is complete.  Therefore, in lieu of staying this action, the court has determined that this case should be and hereby is **DISMISSED WITHOUT PREJUDICE**.  It is further **ORDERED** as follows:

1.  Such reinstatement, when allowed, will cause the filing date of any claim so reinstated to relate back to the original filing date of this action.

2.  Reinstatement shall result in tolling of any time-based defenses to the same extent (if any) that would have occurred had the case not been dismissed.

3. A motion for reinstatement shall be made (i) no later than six months after the date of any EPA Record of Decision as to the Site, or (ii) five years after the date of this order, whichever is earlier.

Plaintiff objects to the entry of this Order.

**DONE** this 30th day of September, 2014.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE