## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

LOUISE MOORE,            )
                              )
       Plaintiff,          )
                              )
vs.                       )     Case No.: 2:11-cv-01391-SLB
                              )
                              )
WALTER COKE, INC.,       )
                              )
       Defendant.       )

## MOTION TO REINSTATE CASE FOR
## PURPOSE OF FILING NOTICE OF CLAIM

COMES NOW Plaintiff Louise Moore ("Plaintiff"), by and through her undersigned counsel, and respectfully moves this Court to Reinstate this lawsuit under its original Civil Action Number for the purpose of filing a Notice of Claim with the United States Bankruptcy Court in the Northern District of Alabama. As grounds therefore, Plaintiff submits the following:

Plaintiff, individually, and on behalf of a putative class, initiated this action on April 26, 2011. Doc. 1. Walter Coke ("Defendant") filed two motions to dismiss (Doc. 9 and 22) and ultimately the case began to proceed under Plaintiff's Third Amended Class Action Complaint (Doc. 33). At the parties' Rule 26(f) conference on October 25, 2013, both parties agreed to request a stay of judicial proceedings while the U.S. Environmental Protection Agency ("EPA) proceeded with its activities,

including but not limited to, developing a list of potentially responsible parties ("PRPs"). Doc. 37.

On September 30, 2014, this Court granted the Joint Motion to Stay proceedings, but also Dismissed the action Without Prejudice, in lieu of staying the action. Specifically, and importantly, the Court Ordered the following:

> Therefore, in lieu of staying this action, the court has determined that this case should be and hereby is DISMISSED WIHOUT PREJUDICE. It is further ORDERED as follows:
>
> 1. Such reinstatement, when allowed, will cause the filing date of any claim so reinstated to relate back to the original filing date of this action.
>
> 2. Reinstatement shall result in tolling of any time-based defenses to the same extent (if any) that would have occurred had the case not been dismissed.
>
> 3. A motion for reinstatement shall be made (i) no later than six months after the date of any EPA Record of Decision as to the Site, or (ii) five years after the date of this order, whichever is earlier.
>
> Plaintiff objects to the entry of this Order.

Doc. 40.

The language above is notable because on July 15, 2015, Defendant filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of Alabama. See Exhibit A, "Notice of Deadline for Filing of Proofs of

Claim". The Bankruptcy Court set the "General Bar Date", or last date that all people or entities may file a Proof of Claim, as October 13, 2015, at 4:00 PM.

As Plaintiff will need to submit a timely Proof of Claim, she will need this Court to reinstate this matter as an active case, under the same civil action number as initially provided. As Plaintiff objected to the original dismissal and the Court expressly provided that reinstatement, dating back to the original date of filing (including tolling) would be permitted, reinstatement at this point and time is proper and necessary. Plaintiff has contacted Defendant prior to the filing of this motion. If Defendant determines that they do not oppose said Motion, Plaintiff will notify the Court.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order Reinstating this action under its original civil action number, and provide proof of same by October 10, 2015, so that Plaintiff may properly and timely file her Proof of Claim with the United States Bankruptcy Court for the Northern District of Alabama.

Respectfully submitted,

/s/ D.G. Pantazis, Jr.
Dennis G. Pantazis
Rocco Calamusa, Jr.
Craig L. Lowell
Dennis G. Pantazis, Jr.
Counsel for the Plaintiff

3

OF COUNSEL:
WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, LLC
301 Nineteenth Street North
Birmingham, Alabama 35203

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of September, 2015, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ D.G. Pantazis, Jr.
Of Counsel

# EXHIBIT A

Walter Energy, Inc.
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

010636

PRF # 72283
CaseNo.: 15-02741
Svc: 2

PackID: 15450
NameID: 12110886

Craig L. Lowell
WIGGINS, CHILDS, QUINN &
PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203

Your claim can be filed electronically on KCC's website at https://epoc.kccllc.net/WalterEnergy. Your unique login information is:

B 10 Modified (Official Form 10) (04/13)   ID: 22964474   PIN: KFr85KQY

| UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF ALABAMA | PROOF OF CLAIM |
|---|---|

Indicate Debtor against which you assert a claim by checking the appropriate box below. (Check only one Debtor per claim form.)

- ☐ Atlantic Development & Capital, LLC (Case No. 15-02747)
- ☐ Atlantic Leaseco, LLC (Case No. 15-02773)
- ☐ Blue Creek Coal Sales, Inc. (Case No. 15-02750)
- ☐ Blue Creek Energy, Inc. (Case No. 15-02752)
- ☐ J.W. Walter, Inc. (Case No. 15-02755)
- ☐ Jefferson Warrior Railroad Company Inc. (Case No. 15-02759)
- ☐ Jim Walter Homes, LLC (Case No. 15-02762)
- ☐ Jim Walter Resources, Inc. (Case No. 15-02743)
- ☐ Maple Coal Co., LLC (Case No. 15-02764)
- ☐ Sloss-Sheffield Steel & Iron Company (Case No. 15-02766)
- ☐ SP Machine, Inc. (Case No. 15-02746)
- ☐ Taft Coal Sales & Associates, Inc. (Case No. 15-02751)
- ☐ Tuscaloosa Resources, Inc. (Case No. 15-02753)
- ☐ V Manufacturing Company (Case No. 15-02754)
- ☐ Walter Black Warrior Basin LLC (Case No. 15-02756)
- ☐ Walter Coke, Inc. (Case No. 15-02744)
- ☐ Walter Energy Holdings, LLC (Case No. 15-02758)
- ☐ Walter Energy, Inc. (Case No. 15-02741)
- ☐ Walter Exploration & Production LLC (Case No. 15-02757)
- ☐ Walter Home Improvement, Inc. (Case No. 15-02760)
- ☐ Walter Land Company (Case No. 15-02761)
- ☐ Walter Minerals, Inc. (Case No. 15-02763)
- ☐ Walter Natural Gas, LLC (Case No. 15-02765)

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Craig L. Lowell

Name and address where notices should be sent:   Electronic Claim filing ID: 22964474   PIN:KFr85KQY   NameID: 12110886
Craig L. Lowell
WIGGINS, CHILDS, QUINN &
PANTAZIS, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
Telephone number:                                          email:

Name and address where payment should be sent (if different from above):

Telephone number:                                          email:

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____ (If known)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed:   $_____
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: _____ (See Instruction #2)

3. Last four digits of any number by which creditor identifies debtor: ____

3a. Debtor may have scheduled account as: _____ (See instruction #3a)

3b. Uniform Claim Identifier (optional): _____ (See instruction #3b)

4. Secured Claim (See Instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.
Nature of property or right of setoff: ☐Real Estate ☐Motor Vehicle ☐Other
Describe:
Value of Property: $_____   Annual Interest Rate_____% ☐Fixed ☐Variable (when case was filed)
Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $_____   Basis for perfection: _____
Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).
☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

Amount entitled to priority:
$_____

* Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

6. Claim Pursuant to 11 U.S.C. § 503(b)(9): indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____ (See instruction #6)

7. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. (See instruction #8, and the definition of "redacted".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

9. Signature: (See instruction #9)
Check the appropriate box.
☐ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: _____
Title: _____
Company: _____   (Signature)   (Date)
Address and telephone number (if different from notice address above):

Telephone number: _____   Email: _____

COURT USE ONLY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

1502741150803120153014881

B 10 Modified (Official Form 10) (04/13) cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Claim Pursuant to 11 U.S.C. §503(b)(9):**
Check this box if you have a claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of the Debtor's business. Attach documentation supporting such claim. (See Definitions.). Parties asserting claims under 11 U.S.C. §503(b)(9) must include a statement setting forth with specificity: (a) the date of the shipment of goods you contend the Debtor received in the 20 days before July 15, 2015; (b) the date, place, and method (including carrier name) of delivery of the goods you contend the Debtor received in the 20 days before July 15, 2015; (c) the value of the goods you contend the debtor received in the 20 days before July 15, 2015; and (d) whether you timely made a demand to reclaim such goods under 11 U.S.C. § 546(c), including any documentation identifying such demand.

**7. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**8. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**9. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

___DEFINITIONS___

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

**Claim**
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Claim Pursuant to 11 U.S.C. §503(b)(9)**
Any claim entitled to treatment in accordance with Section 503(b)(9) of the Bankruptcy Code. Specifically, Section 503(b)(9) claims are those claims for the "value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9)

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

___INFORMATION___

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at http://www.kccllc.net/WalterEnergy.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

PLEASE SEND COMPLETED PROOF(S) OF CLAIM
TO:  Walter Energy Claims Processing Center
     c/o KCC
     2335 Alaska Avenue
     El Segundo, CA 90245

Alternatively, your claim can be filed electronically on KCC's website at https://epoc.kccllc.net/WalterEnergy.

Your unique login information is:
ID: 22964474        PIN: KFr85KQY

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| WALTER ENERGY, INC., *et al.*,[1] | Case No. 15-02741-TOM11 |
| Debtors. | Jointly Administered |

## NOTICE OF DEADLINE FOR FILING OF PROOFS OF CLAIM, INCLUDING CLAIMS ASSERTED UNDER SECTION 503(b)(9) OF THE BANKRUPTCY CODE (BAR DATE IS OCTOBER 13, 2015, AT 4:00 P.M. (PREVAILING CENTRAL TIME))

> **YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE A CLAIM AGAINST THE DEBTORS IN THE ABOVE-CAPTIONED CASES. YOU SHOULD READ THIS NOTICE CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

TO: ALL POTENTIAL HOLDERS OF CLAIMS AGAINST THE DEBTORS

Please take notice that on July 15, 2015 (the "Petition Date"), the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") with the United States Bankruptcy Court for the Northern District of Alabama (the "Court").

Please take further notice that on September 4, 2015, the Court entered an order (the "Bar Date Order") establishing **October 13, 2015, at 4:00 p.m. (Prevailing Central Time)** (the "General Bar Date") as the last date and time for each person or entity to file a Proof of Claim in the Chapter 11 Cases (the "Proof of Claim" or "Proofs of Claim," as applicable); provided that, solely with respect to a governmental unit, the last date and time for such governmental unit to file a Proof of Claim in the Chapter 11 Cases is **January 11, 2016, at 4:00 p.m. (Prevailing**

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Walter Energy, Inc. (9953); Atlantic Development and Capital, LLC (8121); Atlantic Leaseco, LLC (5308); Blue Creek Coal Sales, Inc. (6986); Blue Creek Energy, Inc. (0986); J.W. Walter, Inc. (0648); Jefferson Warrior Railroad Company, Inc. (3200); Jim Walter Homes, LLC (4589); Jim Walter Resources, Inc. (1186); Maple Coal Co., LLC (6791); Sloss-Sheffield Steel & Iron Company (4884); SP Machine, Inc. (9945); Taft Coal Sales & Associates, Inc. (8731); Tuscaloosa Resources, Inc. (4869); V Manufacturing Company (9790); Walter Black Warrior Basin LLC (5973); Walter Coke, Inc. (9791); Walter Energy Holdings, LLC (1596); Walter Exploration & Production LLC (5786); Walter Home Improvement, Inc. (1633); Walter Land Company (7709); Walter Minerals, Inc. (9714); and Walter Natural Gas, LLC (1198).   The location of the Debtors' corporate headquarters is 3000 Riverchase Galleria, Suite 1700, Birmingham, Alabama 35244-2359.

**Central Time)** (the "Government Bar Date"). For your convenience, enclosed with this Notice is a Proof of Claim form (the "Proof of Claim Form").

Please take further notice that the Bar Date Order and the procedures set forth therein and herein for the filing of Proofs of Claim apply to all Claims (the holder of any such Claim, a "Claimant") that arose, or are deemed to have arisen, prior to the Petition Date, regardless of their character or nature, whether secured or unsecured, priority or non-priority, liquidated or unliquidated, fixed or contingent, including, without limitation, Claims entitled to administrative priority status under section 503(b)(9) of the Bankruptcy Code, no matter how remote or contingent.

As used in this Notice, the term "creditor" has the meaning given to it in section 101(10) of the Bankruptcy Code, and includes all persons, entities, estates, trusts, governmental units and the United States Trustee. In addition, the terms "persons," "entities" and "governmental units" are defined in sections 101(41), 101(15) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "Claim" or "Claim" has the meaning given to it in section 101(5) of the Bankruptcy Code, and includes as to or against any one or more of the Debtors: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**Individual Debtor Information**. The last four digits of each Debtor's federal tax identification number are set forth below. The Debtors' mailing address is 3000 Riverchase Galleria, Suite 1700, Birmingham, Alabama 35244-2359.

| Entity Name | Case Number | Tax Identification # |
|---|---|---|
| Atlantic Development and Capital, LLC | 15-2747 | 8121 |
| Atlantic Leaseco, LLC | 15-2773 | 5308 |
| Blue Creek Coal Sales, Inc. | 15-2750 | 6986 |
| Blue Creek Energy, Inc. | 15-2752 | 0986 |
| J.W. Walter, Inc. | 15-2755 | 0648 |
| Jefferson Warrior Railroad Company, Inc. | 15-2759 | 3200 |
| Jim Walter Homes, LLC | 15-2762 | 4589 |
| Jim Walter Resources, Inc. | 15-2743 | 1186 |
| Maple Coal Co., LLC | 15-2764 | 6791 |
| Sloss-Sheffield Steel & Iron Company | 15-2766 | 4884 |
| SP Machine, Inc. | 15-2746 | 9945 |
| Taft Coal Sales & Associates, Inc. | 15-2751 | 8731 |
| Tuscaloosa Resources, Inc. | 15-2753 | 4869 |
| V Manufacturing Company | 15-2754 | 9790 |
| Walter Black Warrior Basin LLC | 15-2756 | 5973 |
| Walter Coke, Inc. | 15-2744 | 9791 |
| Walter Energy Holdings, LLC | 15-2758 | 1596 |
| Walter Energy, Inc. | 15-2741 | 9953 |

| Walter Exploration & Production LLC | 15-2757 | 5786 |
| Walter Home Improvement, Inc. | 15-2760 | 1633 |
| Walter Land Company | 15-2761 | 7709 |
| Walter Minerals, Inc. | 15-2763 | 9714 |
| Walter Natural Gas, LLC | 15-2765 | 1198 |

## A. PROOFS OF CLAIM AND MANNER OF FILING

Any person or entity that has or seeks to assert a Claim which arose, or is deemed to have arisen, prior to the Petition Date, including, without limitation, a Claim under section 503(b)(9) of the Bankruptcy Code, **MUST FILE A PROOF OF CLAIM ON OR BEFORE THE APPLICABLE BAR DATE** in order to potentially share in the Debtors' estates. Under the Bar Date Order, the filing of an original, written Proof of Claim Form, or the electronic submission of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority Claims under section 503(b)(9) of the Bankruptcy Code. All other administrative Claims under section 503(b) of the Bankruptcy Code must be made by separate requests for payment in accordance with section 503(a) of the Bankruptcy Code and shall not be deemed proper if made by Proof of Claim. No deadline has yet been established for the filing of administrative Claims other than Claims under section 503(b)(9) of the Bankruptcy Code. **Claims under section 503(b)(9) of the Bankruptcy Code must be filed by the General Bar Date.** Acts or omissions of the Debtors that occurred or arose before the Petition Date may give rise to Claims that must be filed by the applicable Bar Date, notwithstanding that such Claims may not have matured, are contingent or have not become fixed or liquidated prior to or as of the Petition Date.

**THE FACT THAT YOU HAVE RECEIVED THIS NOTICE DOES NOT MEAN THAT YOU HAVE A CLAIM OR THAT THE DEBTORS BELIEVE THAT YOU HAVE A CLAIM. A CLAIMANT SHOULD CONSULT AN ATTORNEY IF THE CLAIMANT HAS ANY QUESTIONS, INCLUDING WHETHER SUCH CLAIMANT SHOULD FILE A PROOF OF CLAIM.**

### i. Claims for Which No Proof of Claim Is Required to be Filed

Notwithstanding the above, holders of the following Claims are not required to file a Proof of Claim on or before the applicable Bar Date solely with respect to such Claim:

a.     any person or entity that has already filed a properly supported and executed Proof of Claim against the applicable Debtor(s) with either KCC or the Clerk of the Court for the United States Bankruptcy Court for the Northern District of Alabama;

b.     any person or entity (i) whose Claim is listed in the Debtors' Schedules or any amendments thereto, and (ii) whose Claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or characterization of its Claim (including that the Claim is an

obligation of the specific Debtor against which the Claim is scheduled) as set forth in the Debtors' Schedules;

c.   professionals retained by the Debtors, the UCC, the Section 1114 Committee or any other committee appointed in these Chapter 11 Cases pursuant to orders of this Court who assert administrative Claims for fees and expenses subject to the Court's approval pursuant to sections 330, 331 and 503(b) of the Bankruptcy Code;

d.   any person or entity that holds or asserts a Claim pursuant to sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense other than 503(b)(9) Claims;

e.   current officers, directors, and employees of the Debtors who may hold contingent and unliquidated Claims for indemnification, contribution, or reimbursement arising as a result of such officers', directors', or employees' prepetition or postpetition services to the Debtors; provided, that any officer, director or employee covered by this provision who wishes to assert Claims, other than contingent and unliquidated Claims for indemnification, contribution or reimbursement, must file Proofs of Claim on account of such Claims on or before the General Bar Date unless another exception in this paragraph applies;

f.   a current employee of a Debtor whose Claim the Court has authorized the Debtors to honor in the ordinary course of business as a wage, commission or benefit; provided however, that a current employee must submit a Proof of Claim by the General Bar Date for any other claim arising before the Petition Date, including claims, if any, related to wrongful termination, discrimination, harassment, a hostile work environment or retaliation;

g.   the Administrative Agent[2] nor any of the First Lien Lenders with respect to any of the Credit Agreement Obligations arising under the First Lien Credit Documents, the Claims for which, in the absence of the filing of any Proof of Claim, shall be governed by the First Lien Credit Documents and the Interim Cash Collateral Order and related final order;

---

[2]   Capitalized terms used in this paragraph, but not otherwise defined in the Motion, shall have the meanings ascribed to them in the *Interim Order (A) Authorizing Postpetition Use of Cash Collateral, (B) Granting Adequate Protection to Prepetition Secured Parties, (C) Scheduling a Final Hearing Pursuant to Bankruptcy Rule 4001(b) and (D) Granting Related Relief* (the "Interim Cash Collateral Order") [Docket No. 59]. The Administrative Agent shall have the right, if it chooses, to file a single Proof of Claim on behalf of all Claims of the Administrative Agent and First Lien Lenders.

h.   the First Lien Trustee[3] nor any of the First Lien Noteholders with respect to any of the First Lien Indenture Obligations arising under the First Lien Indenture, the Claims for which, in the absence of the filing of any Proof of Claim, shall be governed by the First Lien Indenture and the Interim Cash Collateral Order and related final order;

i.   any person or entity that holds or asserts a claim that is limited exclusively to the repayment of principal, interest and/or other applicable fees and charges (a "Debt Claim") owed under any bond or note issued by the Debtors pursuant to an indenture (a "Debt Instrument"); [4] provided, however, that: (i) other than as set forth in subparagraph (h), hereof, an indenture trustee under a Debt Instrument (each, an "Indenture Trustee") shall file one Proof of Claim, on or before the General Bar Date, with respect to all of the amounts owed under each of the Debt Instruments and such Proof of Claim shall be deemed to be asserted by the indenture trustee against every Debtor that is liable for the Debt Claim so long as the Proof of Claim sets forth in reasonable detail the basis and amount of the claim asserted against each Debtor, and (ii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Debt Instrument must file a Proof of Claim on or before the General Bar Date, unless another exception in this paragraph applies;

j.   any present or former employee of the Debtors whose employment is subject to the terms of a collective bargaining agreement (and, with respect to benefit claims, any spouse or beneficiary thereof) and labor unions representing such employees ("CBA Parties") solely with respect to any prepetition claim based on the payment of wages, salaries, employee medical benefits, insurance benefits, and other benefits authorized to be paid by order of the Court under the first day wage and benefit orders approved by the Court on July 15, 2015 and July 28, 2015 [Docket Nos. 61, 218]; provided, however, that if the Debtors have provided written notice to such CBA Parties and their union that the Debtors do not intend to pay such claim, the CBA Parties shall have until the later of (i) the General Bar Date and (ii) 30 days from the date of written notice, to submit a proof of claim; and provided further, that notwithstanding the foregoing, either employees (present or former) or their labor unions must submit claims relating to grievances prior to the General Bar Date to the extent the grounds for such grievances arose on or prior to the Petition Date, provided, that labor unions may submit a claim itemizing such grievances on behalf of their respective members;

---

[3]   The First Lien Trustee shall have the right, if it chooses, to file a single Proof of Claim on behalf of all Claims of the First Lien Trustee and First Lien Noteholders under the joint administration case number (Walter Energy, Inc., Case No. 15-02741-TOM11).

[4]   A list of applicable Debt Instruments is attached as Exhibit 1.

k.   any Debtor asserting a Claim against any other Debtor;

l.   any entity whose Claim asserts a right to payment or performance solely against a non-Debtor affiliate of a Debtor;

m.   any person or entity whose Claim has already been paid in full by a Debtor in accordance with the Bankruptcy Code or in accordance within an order of the Court;

n.   any wholly-owned, direct or indirect non-debtor subsidiary or affiliate of a Debtor, including Black Warrior Transmission Corp. and Black Warrior Methane Corp., asserting a Claim against a Debtor;

o.   any person or entity whose Claim has been allowed by an order of the Court entered on or before the General Bar Date; and

p.   any holder of an interest based on equity securities of a Debtor solely with respect to such holder's ownership interest in or possession of such equity securities; provided, however, that any such holders who wish to assert a Claim against any of the Debtors based on transactions in the Debtors' securities, including, but not limited to, Claims for damages or recission based on the purchase or sale of such securities must file a Proof of Claim on or prior to the General Bar Date; provided, further, that the Debtors reserve all rights with respect to any such Claim including, inter alia, to assert that such Claims are subject to subordination pursuant to section 510(b) of the Bankruptcy Code.[5]

**Please take notice that any Claimant exempted from filing a Proof of Claim pursuant to the preceding paragraph must still properly and timely file a Proof of Claim for any other Claim that does not fall within the exemptions provided by the preceding paragraph.**

ii.   **Claims Arising from Rejected Executory Contracts or Unexpired Leases**

Any person or entity that holds a Claim that arises from the rejection of an executory contract or unexpired lease must file a Proof of Claim based on such rejection by the later of (a) the General Bar Date or (b) 4:00 p.m. (Prevailing Central Time) on the date that is thirty (30) days from the date that the Debtors provide written notice of the rejection date to the affected creditor (unless the order authorizing such rejection provides otherwise) (the "Rejection Bar Date").

iii.   **Amendment to the Debtors' Schedules**

If the Debtors amend their Schedules, then the Bar Date for those creditors affected by any such amendment shall be the later of (a) the General Bar Date or (b) 4:00 p.m. (Prevailing Central Time) on the date that is thirty (30) days from the date that the Debtors provide written notice to

---

[5]   The Debtors reserve the right to seek establishment of a bar date for the filing of proofs of interest at a later date.

the affected creditor that the schedules have been amended (the "Amended Schedules Bar Date" and, together with the General Bar Date, Government Bar Date, and Rejection Bar Date, the "Bar Dates," and each a "Bar Date").

## B.  WHEN AND WHERE TO FILE PROOFS OF CLAIM

All Claimants must submit (by overnight mail, courier service, hand delivery, regular mail or in person) an original, written Proof of Claim that substantially conforms to the Proof of Claim Form so as to be **actually received** by Kurtzman Carson Consultants LLC ("KCC"), the Debtors' Claims and notice agent, by no later than 4:00 p.m. (Prevailing Central Time) on or before the applicable Bar Date at the following address:

> Walter Energy Claims Processing
> c/o KCC
> 2335 Alaska Avenue
> El Segundo, CA 90245

Alternatively, Claimants may submit a Proof of Claim electronically through the electronic Claims filing system available at https://epoc.kccllc.net/WalterEnergy. Proofs of Claim will be deemed timely filed only if actually received by KCC on or before the applicable Bar Date. Proofs of Claim may not be delivered by facsimile, telecopy, or electronic mail transmission. Any facsimile, telecopy, or electronic mail submissions will not be accepted and will not be deemed filed until a Proof of Claim is submitted to KCC by overnight mail, courier service, hand delivery, regular mail or in person or through the electronic filing system described above. Claimants wishing to receive acknowledgment that their original, written Proofs of Claim were received by KCC must submit (i) a copy of the Proof of Claim and (ii) a self-addressed, stamped envelope (in addition to the original Proof of Claim sent to KCC).

## C.  CONTENTS OF A PROOF OF CLAIM

As noted above, the Debtors are enclosing a Proof of Claim Form for use in these Chapter 11 Cases, or you may use another Proof of Claim form that substantially conforms to Official Bankruptcy Form No. B10. The Proof of Claim Form is available free of charge on KCC's website at http://www.kccllc.net/walterenergy.

To be valid, your Proof of Claim **MUST**: (a) be signed by the Claimant (which may be satisfied by electronic signature through the electronic Claims filing system described above); (b) be written in the English language; (c) be denominated in lawful currency of the United States; (d) conform substantially to the Proof of Claim Form or Official Form B10; (e) specify the Debtor against which the Proof of Claim is filed as well as the bankruptcy case number corresponding to such Debtor; (f) set forth with specificity the legal and factual basis for the alleged Claim; and (g) include supporting documentation or an explanation as to why such documentation is not available. **You should redact any sensitive information from your supporting documentation prior to filing your Proof of Claim.**

All Claimants asserting Claims against more than one Debtor must file a separate Proof of Claim with respect to each such Debtor and identify on each Proof of Claim the particular Debtor against which their Claim is asserted. If more than one Debtor is listed on a Proof of Claim, then the Debtors shall treat such Claim as filed only against the first listed Debtor. Any Proof of Claim filed under the joint administration case number (Walter Energy, Inc., Case No. 15-02741-TOM11) or without otherwise identifying a Debtor shall be deemed as filed only against Walter Energy, Inc. However, notwithstanding anything in this paragraph to the contrary, any Indenture Trustee may file one Proof of Claim under the joint administration case number (Walter Energy, Inc., Case No. 15-02741-TOM11) with respect to all of the amounts owed under each of the Debt Instruments, and such Proof of Claim shall be deemed to be asserted by the Indenture Trustee against every Debtor that is liable for the Debt Claim so long as the Proof of Claim sets forth in reasonable detail the basis and amount of the claim asserted against each Debtor; provided further, however, notwithstanding anything in this paragraph to the contrary, any union (including but not limited to the United Mine Workers of America) may file one (or more) Proof(s) of Claim with respect to amounts owed, including but limited to in connection with (i) the 1974 Pension Plan, (ii) Coal Act claims on behalf of retirees, (iii) other active and retiree benefit obligations (and related obligations, including but not limited to retiree health care benefits), (iv) disability and workers' compensation benefits, and (v) rejection damage claims and/or other contract claims arising under collective bargaining agreements, and such Proof(s) of Claim shall be deemed to be asserted against every Debtor that is liable for the Claim so long as the Proof(s) of Claim (or any addenda or attachments to the Proof(s) of Claim) sets forth in reasonable detail the basis and amount of the claim asserted against each Debtor.

**If you are filing a Claim under section 503(b)(9) of the Bankruptcy Code, you must indicate in Box 6 of the Proof of Claim Form the amount of the Claim that arises under section 503(b)(9) of the Bankruptcy Code. For each Claim under section 503(b)(9) of the Bankruptcy Code, you must attach all documents supporting such Claim to the Proof of Claim Form and include a statement setting forth with specificity: (a) the date of shipment of the goods you contend the Debtors received in the twenty days before the Petition Date; (b) the date, place, and method (including carrier name) of delivery of the goods you contend the Debtors received in the twenty days before the Petition Date; (c) the value of the goods you contend the Debtors received in the twenty days before the Petition Date; and (d) whether you timely made a demand to reclaim such goods under section 546(c) of the Bankruptcy Code, and, if so, include any documentation identifying such demand.**

## D. <u>CONSEQUENCES FOR FAILURE TO FILE A PROOF OF CLAIM</u>

Any Claimant that is required to file a Proof of Claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or the Bar Date Order with respect to a particular Claim, but that fails to do so properly by the applicable Bar Date, shall be forever barred, estopped, and enjoined from: (a) asserting such Claim against the Debtors and their estates (or filing a Proof of Claim with respect thereto), and the Debtors and their properties and estates shall be forever discharged from any and all indebtedness or liability with respect to such Claim and (b) voting upon, or receiving distributions under, any plan of reorganization in these Chapter 11 Cases or otherwise in respect of or on account of such Claim, and such person or entity shall not be treated as a creditor with respect to such Claim for any purpose in these Chapter 11 Cases.

### E.  CONTINGENT CLAIMS

Acts or omissions of or by the Debtors that occurred, or that are deemed to have occurred, prior to the Petition Date, including, without limitation, acts or omissions related to any indemnity agreement, guarantee, services provided to or rendered by the Debtors, or goods provided to or by the Debtors, may give rise to Claims against the Debtors and their estates notwithstanding the fact that such Claims (or any injuries on which they may be based) may be contingent or may not have matured or become fixed or liquidated prior to the Petition Date. Therefore, any person or entity that holds a Claim or potential Claim against the Debtors and their estates, no matter how remote, contingent, or unliquidated, **MUST** file a Proof of Claim on or before the applicable Bar Date.

### F.  THE DEBTORS' SCHEDULES

You may be listed as the holder of a Claim in the Debtors' Schedules. The schedules are available free of charge on KCC's website at http://www.kccllc.net/walterenergy. If you rely on the schedules, it is your responsibility to determine that your Claim is accurately listed in the schedules. As described above, if (a) you agree with the nature, amount and status of your Claim as listed in the schedules and (b) your Claim is NOT described as "disputed," "contingent," or "unliquidated," then you are not required to file a Proof of Claim in these Chapter 11 Cases with respect to such Claim. Otherwise, or if you decide to file a Proof of Claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice and the Bar Date Order.

### G.  RESERVATION OF RIGHTS

Nothing contained in this Notice or the Bar Date Order is intended or should be construed as a waiver of any of the Debtors' rights, including without limitation, their rights to: (a) dispute, or assert offsets or defenses against, any filed Claim or any Claim listed or reflected in the Schedules as to the nature, amount, liability or classification thereof; (b) subsequently designate any scheduled Claim as disputed, contingent or unliquidated; or (c) otherwise amend or supplement the Schedules. In addition, nothing contained herein is intended or should be construed as an admission of the validity of any Claim or an approval, assumption or rejection of any agreement, contract or lease under section 365 of the Bankruptcy Code. All such rights and remedies are reserved.

### H.  ADDITIONAL INFORMATION

The Proof of Claim Form, the Bar Date Order, and all other pleadings filed in the Chapter 11 Cases are available free of charge on KCC's website at http://www.kccllc.net/walterenergy. If you have questions concerning the filing or processing of Claims, you may contact the Debtors' Claims agent, KCC, at (866) 967-0679 or, if calling from outside the United States or Canada, at (310) 751-2679.

## EXHIBIT 1

### ADDITIONAL DEBT INSTRUMENTS

(a) 11.0%/12.0% Senior Secured Second Lien PIK Toggle Notes due 2020, issued under the Indenture dated as of March 27, 2014 (as further amended, supplemented or otherwise modified from time to time) among Walter Energy, Inc., as issuer, the guarantors from time to time parties thereto, and BOKF, N.A., as successor trustee to Wilmington Trust, National Association and Wilmington Trust, National Association as collateral agent;

(b) 9.875% Senior Notes due 2020 issued under the Indenture dated as of November 21, 2012 (as further amended, supplemented or otherwise modified from time to time) among Walter Energy, Inc., as issuer, the guarantors from time to time parties thereto, and Delaware Trust Company, as successor trustee to Wilmington Trust, National Association;

(c) 8.50% Senior Notes due 2021 issued under the Indenture dated as of March 27, 2013 (as further amended, supplemented or otherwise modified from time to time) among Walter Energy, as issuer, the guarantors from time to time parties thereto, and UMB Bank, National Association, as successor trustee to Wilmington Trust, National Association; and

(d) Trust Agreement of Dominion Resources Black Warrior Trust, entered into and effective as of May 31, 1994, with Southwest Bank as trustee.